ORDER
PER CURIAM.
On June 19, 2001, the Defendant/Appellant Jeff Hunt filed a ‘Petition’ for an ‘intermediate’ appeal. This motion was opposed by both Cordelia Benoist, Plain-tifRRespondent, and Russel Benoist, Defendant/Respondent, All sides submitted written memoranda of law and the case was heard telephonically and without oral argument on August 16, 2001. Contrary to claims on all sides that there is no relevant Cheyenne River Tribal caselaw, such claims are incorrect. See e.g. Dupree v. Cheyenne River Sioux Housing Authority 16 ILR 6106 (Chy. R. Sx. Ct. App.1989) which holds that intermediate or interlocutory appeals are permitted under Cheyenne River Tribal law in accordance with the (federal) requirements set out at 28 USC § 1292(b).[1] Needless to say these requirements have not been met in the instant case. Therefore the motion is denied.
Ho hecetu yelo.
IT IS SO ORDERED.

. 28 USC 1292(b) provides: “When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.”